UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LEE EVANS DUNIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>TIPPECANOE COUNTY SHERIFF'S OFFICE,<br><br>    Defendant. | CAUSE NO.: 4:20-CV-32-TLS-JPK |

**OPINION AND ORDER**

Plaintiff Lee Evans Dunigan, a prisoner without a lawyer, filed an Amended Complaint under 42 U.S.C. § 1983 [ECF No. 7]. Pursuant to 28 U.S.C. § 1915A, the Court must screen the Plaintiff's Amended Complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Plaintiff Dunigan's handwritten complaint is somewhat difficult to decipher, but it can be discerned that he is challenging various events related to a criminal case initiated against him in Tippecanoe County under cause number 79D01-1810-F1-00011. Public records from that case reflect that the Plaintiff was convicted of child molestation, and on June 26, 2020, was sentenced to 42 years in prison.[1] He claims that his Seventh Amendment right to a jury trial was violated by the judge assigned to the case, that a police officer tampered with evidence, and that discovery given to him on a flash drive was purposely destroyed, violating his right to defend himself

---

[1] The court is permitted to take judicial notice of public court records in determining whether the complaint states a claim. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

under the Sixth Amendment. Am. Compl. 5, 7–9, ECF No. 7 He asserts that these events led to a "corrupt conviction." *Id.*

To the extent the Plaintiff is trying to obtain release from custody, he cannot do so in this action under section 1983, and instead his sole remedy lies in habeas corpus, after all of his state court remedies are exhausted. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez,* 411 U.S. 475, 488–89 (1973). Nor can he pursue a claim for damages for wrongful conviction or violation of his Sixth or Seventh Amendment rights in the criminal case, as such claims are barred by *Heck v. Humphrey*, because they rest on a presumption that his conviction is invalid. 512 U.S. 477, 486-87 (1994). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* These claims must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

The Plaintiff also claims that staff at the jail wrongfully opened his "legal mail" on various dates in 2019. Am. Compl. 11–14. There is no indication that this claim is linked to his conviction, and it would therefore not be barred by *Heck*. An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 575–76 (1974). An inmate's "legal mail" is entitled to greater protection. *Id.* at 576–77; *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is a term of art, however, and refers to mail to or from the inmate's legal counsel that is clearly identified as such; this type of mail may not be opened outside the presence of the inmate. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). The purpose of preventing prisons from opening such mail outside of the

presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege, by ensuring that prison officials merely inspect for contraband and do not read confidential communications. *Wolff*, 418 U.S. at 576-77.

Here, the Plaintiff does not allege that jail staff opened mail sent to or from his attorney. Rather, he states that the mail in question was sent to him by the Indiana Judicial Nominating Commission and the Indiana Judicial Commission on Judicial Qualifications. Am. Compl. 12. This type of mail is not considered "legal" and may be opened and inspected without violating the inmate's rights. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010); *Kaufman*, 419 F.3d at 686.

The Plaintiff also asserts that mail sent to him by the American Civil Liberties Union (ACLU) was opened outside his presence, an allegation that requires closer scrutiny given that the ACLU is a legal organization. Am. Compl. 12. It appears from an attachment to the complaint that on one occasion in 2019, the Plaintiff received some type of mail from the ACLU, which jail staff opened outside of the Plaintiff's presence. After the Plaintiff complained, the officer in the mail room was told by the jail commander that jail policy required such mail to be treated as legal mail. *Id.* Thereafter, two additional envelopes sent to the Plaintiff by the ACLU were opened in the Plaintiff's presence. *Id.*

The Plaintiff does not name any individual in connection with this claim, and instead names only the Tippecanoe County Sheriff's Office. Section 1983 "[l]iability depends on each defendant's knowledge and actions," and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594, 596 (7th Cir. 2009). There is no respondeat superior liability under section 1983, and the Sheriff's Office

3

cannot be held liable solely because it employs the mail room staff who opened the Plaintiff's letter. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020).

Even if the Plaintiff had named an individual who was personally involved in this incident, his allegations do not state a claim. The Plaintiff does not allege that the ACLU served as his attorney in any legal case,[2] and there is no factual content in the complaint from which it can be plausibly inferred that the letter contained confidential attorney-client communications. *See Kaufman*, 419 F.3d at 686 (letters sent to inmate by the ACLU were not "legal mail," where there was nothing to show inmate was represented by, or seeking representation from, the organization). Even if the mail could be considered "legal mail," the Plaintiff has not alleged that his right to counsel was infringed in any way or that opening the mail hindered his pursuit of a legal claim. *See Jones v. Walker*, 358 F. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific claim); *see also Guajardo-Palma*, 622 F.3d at 805 (holding that the effect of "isolated interference" with legal mail is "likely to be nil"). To the extent the Plaintiff is claiming that opening the letter violated jail policy, this would not give rise to a cognizable claim under section 1983. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). His allegations do not state a plausible claim for relief.

---

[2] There is no basis in the complaint to infer that the ACLU represented the Plaintiff in connection with his criminal case, and the docket in that case reflects that he was represented by a public defender.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 n.3 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[D]istrict courts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The Plaintiff has already been afforded one opportunity to file an amended complaint, and the court finds no basis to conclude that, if given another opportunity, he could state a viable claim, consistent with the allegations he has already made.

For these reasons, the court DISMISSES the Amended Complaint [ECF No. 7] pursuant to 28 U.S.C. § 1915A and DIRECTS the clerk to close this case.

SO ORDERED on July 15, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT